# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

| | |
|---|---|
| **ANTHONY MONTECINO** | **CIVIL ACTION NO. 15-2584-P** |
| **VERSUS** | **CHIEF JUDGE HICKS** |
| **JERRY GOODWIN, ET AL.** | **MAGISTRATE JUDGE HORNSBY** |

## REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

## STATEMENT OF CLAIM

Before the court is a civil rights complaint filed in forma pauperis by pro se plaintiff Anthony Montecino ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was filed in this court on October 23, 2015. Plaintiff is incarcerated at the David Wade Correctional Center in Homer, Louisiana, and claims his civil rights were violated by prison officials. He names Jerry Goodwin, Warden Rachal, Paula Millwee, Pamela Hearn, John Fuller, and Joel Williams as defendants.

Plaintiff claims he is a chronic pain patient with high blood pressure, arthritis, hepatitis C, and severe fatigue. He claims he was denied adequate medical treatment for his conditions between February 27, 2015 and December 7, 2015.

Plaintiff claims that on May 15, 2015, he experienced severe abdominal pains and blood in his urine. He claims he filed approximately 40 sick call requests. He claims Nurse

Joel Williams disrespected him, told him there was nothing wrong with him, and denied him access to the doctor.

Plaintiff claims he had blood in his urine and stools. He claims he had abdominal pains. He claims he received no treatment for these problems.

Plaintiff claims his rheumatoid arthritis causes excruciating pain and swelling. He claims Dr. Hearn denied him any relief. He admits he was given Ibuprofen three times since March of 2015 for his condition.

Plaintiff admits he saw Dr. Hearn and Dr. Fuller approximately eight times in the infirmary. He also admits he saw Nurse Joel Williams in his cell. He claims he was only seen, and not examined or checked even though he had several positive tests for blood in his urine. He admits his hand was examined and he was diagnosed with improper healing.

Plaintiff provides documentation that he made sick calls on March 17, 2015 for a refill of his pain medication; April 9, 2015 for his chronic condition and pain; April 16, 2015 for his ongoing condition and chronic pain; May 4, 2015 for hand pain and pain medication; May 6, 2015 for treatment and medication for his chronic condition and pain; May 12, 2015 for stress and anxiety due to his chronic pain and elevated blood pressure; May 15, 2015 for blood in his urine; May 18, 2015 for pain in his abdomen and back; May 22, 2015 for frequent urination, fatigue, weakness, and dizziness; May 22, 2015 for arthritis pain related to hepatitis C; May 28, 2015 for chronic pain and swelling in joints; May 29, 2015 for May 15, 2015 dental prescription to be filled; June 1, 2015 for pain in abdomen;

June 1, 2015 for hand pain; June 2, 2015 for tests because of weakness, fatigue, and frequent urination; June 8, 2015 for chronic arthritis pain; June 11, 2015 for possible kidney stones; June 12, 2015 for pain medication; June 15, 2015 for frequent urination, weakness, fatigue, and dizziness; July 13, 2015 for another prescription for ibuprofen because it helped with the inflammation and pain; July 23, 2015 for a change in the administration of his medication because he felt three times a day for ten days was too much; July 23, 2015 for examination, testing, and treatment for frequent urination, dizziness, and fatigue; August 3, 2015 for fatigue and frequent urination because he has not received an examination, testing, and treatment and possible enlarged prostrate; August 4, 2015 for follow-up for chronic pain and pain medication; August 4, 2015 for abdominal pains; August 10, 2015 for a cooling towel for his blood pressure and heat alert; August 13, 2015 for Ibuprofen for chronic pain and arthritis because over the counter medication is not sold in the canteen; August 13, 2015 recurring abdominal pain; August 17, 2015 because medications were not ordered and his pain was chronic and severe; September 8, 2015 for abdominal pain and blood in his urine; September 21, 2015 for blood sugar testing because of frequent urination, extreme and chronic fatigue, dark urine, excessive thirst, and numbness and tingling in his feet; October 2, 2015 for abdominal pain, frequent bowel movements with soft and watery stool; and November 9, 2015 for sporadic pain in upper abdomen and back and positive tests for blood in urine and stool.

Accordingly, Plaintiff seeks declaratory and injunctive relief, compensatory and punitive damages, medical treatment, and courts costs and fees.

**LAW AND ANALYSIS**

Plaintiff claims he has received inadequate medical treatment for the injuries he received during the inmate attack. He filed this claim pursuant to 42 U.S.C. § 1983 of the Civil Rights Act which provides redress for persons "deprived of any rights, privileges or immunities" by a person acting under color of state law. The particular right protected under 42 U.S.C. § 1983 in matters which concern alleged denial of or inadequate medical care is the Eighth Amendment prohibition against cruel and unusual punishment.

The lack of proper inmate medical care rises to the level of a constitutional deprivation under the Eighth Amendment of the United States Constitution only if the evidence shows that the prison officials showed "deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 292 (1976); See also Farmer v. Brennan, 511 U.S. 825, 835, 114 S. Ct. 1970, 1978 (1994). It is only deliberate indifference, "an unnecessary and wanton infliction of pain" or an act "repugnant to the conscience of mankind," that constitutes conduct proscribed by the Eighth Amendment. Estelle, 429 U.S. at 105-06, 97 S. Ct. at 292; See also Gregg v. Georgia, 428 U.S. 153, 96 S. Ct. 2909 (1976). Further, the plaintiff must establish that the defendants possessed a culpable state of mind. See Wilson v. Seiter, 501 U.S. 294, 297-302, 111 S. Ct. 2321, 2323-27 (1991); Farmer, 511 U.S. at 838-47, 114 S. Ct. at 1979-84. In addition, disagreement with the diagnostic measures or methods of treatment afforded by prison officials does not

state a claim for Eighth Amendment indifference to medical needs. See Norton v. Dimazana, 122 F.3d 286, 292 (5th Cir. 1997).

After a thorough review of Plaintiff's complaint, read in a light most favorable to him, the court finds that the facts alleged do not support a finding of deliberate indifference to serious medical needs. To the contrary, the record demonstrates that Defendants were attentive to the medical needs of Plaintiff. It has been consistently held that an inmate who has been examined by medical personnel fails to set forth a valid showing of deliberate indifference to serious medical needs. Norton v. Dimazana, 122 F.2d 286, 292 (5th Cir. 1997); Callaway v. Smith County, 991 F. Supp. 801, 809 (E.D. Tex. 1998); Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985); Mayweather v. Foti, 958 F.2d 91 (5th Cir. 1992).

Plaintiff admits Dr. Hearn and Dr. Fuller saw him in the infirmary approximately eight times. He also admits he saw nurse Joel Williams in his cell. He admits he was given Ibuprohen at least three times. He admits his urine and stool were tested for blood. He also admits his hand was examined. He admits he made approximately 40 sick call requests and provided documentation of approximately 33 sick call requests. Plaintiff's complaint is devoid of factual allegations that would tend to show Defendants acted with a culpable state of mind or that their actions were "unnecessary and wanton."

Plaintiff disagrees with the treatment that Defendants provided him. He claims he should have seen a doctor for each sick call request and a specialist. He further claims he should have had testing and more pain medication. As previously discussed, disagreement

with the diagnostic measures or methods of treatment afforded by prison officials does not state a claim for Eighth Amendment indifference to medical needs.

Plaintiff's allegations, if accepted as true, may amount to a state law claim for negligence, a tort. However, mere negligence, neglect or medical malpractice does not amount to a denial of a constitutional right as these actions on the part of Defendants do not rise to the level of a constitutional tort. See Daniels v. Williams, 474 U.S. 327, 329-30, 106 S. Ct. 662, 664 (1986); Estelle, 429 U.S. at 106, 97 S. Ct. at 292; Lewis v. Woods, 848 F.2d 649, 651 (5th Cir. 1988). The fact that Plaintiff does not believe that his medical treatment was as good as it should have been is not a cognizable complaint under the Civil Rights Act. See Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985). Prisoners are not constitutionally entitled to the best medical care that money can buy. See Mayweather v. Foti, 958 F.2d. 91 (5th Cir. 1992).

Accordingly, Plaintiff's complaint should be dismissed with prejudice as frivolous.

## CONCLUSION

Because Plaintiff filed this proceeding in forma pauperis ("IFP"), if this court finds Plaintiff's complaint to be frivolous, it may dismiss the complaint as such at any time, before or after service of process, and before or after answers have been filed. See 28 U.S.C. § 1915(e); Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985). District courts are vested with extremely broad discretion in making a determination of whether an IFP proceeding is frivolous and may dismiss a claim as frivolous if the IFP complaint lacks an arguable basis either in law or in

fact. See Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995); Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993); Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827 (1989).

For the reasons heretofore stated, it is recommended that Plaintiff's complaint be **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. § 1915(e).

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objection within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendations set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, on this 29th day of November, 2017.

_____
Mark L. Hornsby
U.S. Magistrate Judge